**Frederick B. CAMPBELL,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**Docket No. 01–6270.**

United States Court of Appeals,
Second Circuit.

Sept. 6, 2002.

Frederick B. Campbell, pro se, New York, NY, for Appellant.

Elizabeth Wolstein and Gideon A. Schor, Assistant United States Attorneys, New York, N.Y. (James B. Comey, United States Attorney for the Southern District of New York), for the United States of America, for Appellee.

Present RICHARD J. CARDAMONE, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Frederick B. Campbell, *pro se*, appeals from an order of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*), denying his motion for partial summary judgment and granting appellee's motion to dismiss his complaint seeking a tax refund. We assume familiarity with the factual background and procedural history set forth in the opinion of the District Court, *Campbell v. United States*, No. 00 Civ. 4746, 2001 WL 1262934 (S.D.N.Y. Oct.22, 2001).

Plaintiff filed a timely notice of appeal and subsequently submitted an appellate brief, largely restating the arguments he previously advanced in challenging the constitutionality of three provisions of the Internal Revenue Code ("IRC") and seeking a refund of federal income taxes. Specifically, he argued that: (1) the federal income taxes on amounts taken as state and local income taxes pursuant to 26 U.S.C. § 68 was beyond the authority granted to Congress by the Sixteenth Amendment, and infringed on the reserved rights of the States in violation of the Tenth Amendment; and (2) the current forms of the health insurance tax exclusion and the residential mortgage interest deduction, 26 U.S.C. §§ 106, 162(1) and 163(h), were unlawful delegations of Congress's taxing power to private entities outside the Government, and that the ex-

clusions should apply equally regardless of whether the individual is self-employed or has obtained a mortgage. Plaintiff further sought leave to amend his complaint to seek injunctive relief.

This Court reviews a district court's application of law with regard to its denial of a motion for partial summary judgment, as well as its grant of a motion to dismiss, *de novo*.* *See S.E.C. v. Credit Bancorp, Ltd.*, 290 F.3d 80, 87 (2d Cir.2002); *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000). Having considered all of plaintiff's contentions on this appeal, we affirm both the denial of his motion for partial summary judgment and the grant of the government's motion to dismiss for substantially the reasons set forth in the District Court's opinion.

Plaintiff's request to amend his complaint to seek injunctive relief is denied since appellant failed to raise this request in the District Court before the appellee filed its motion to dismiss, and appellant cannot do so for the first time on appeal. *See Dwares v. City of New York*, 985 F.2d 94, 101 (2d Cir.1993) (leave to amend denied because plaintiff made no effort to exercise his right to amend under Fed. R.Civ.P. 15(a) before defendant filed motion to dismiss in lieu of answer and where plaintiff raises request to amend for the first time on appeal).

Accordingly, the judgment of the District Court is AFFIRMED.

---

* Ordinarily, an order that denies summary judgment or grants partial summary judgment cannot by itself be the basis for appeal, as it is nonfinal. However, upon entry of final judgment, earlier, nonfinal orders that affect judgment become subject to appellate review. *See United States v. 228 Acres of Land and Dwelling Located on Whites Hill Road in Chester, Vt.*, 916 F.2d 808, 811 (2d Cir.1990). The District Court's order denying partial summary judgment is clearly nonfinal; however, the District Court also granted the Government's motion to dismiss, rendering the order final and reviewable, in its entirety, on this appeal.